IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC, a Michigan limited liability company; and MARTIN AFFILIATED, LLC, a Michigan limited liability company, <br><br>          Plaintiffs, <br><br>v. <br><br>WIEDEN + KENNEDY, INC., an Oregon corporation; and FACEBOOK, INC., a Delaware corporation, <br><br>          Defendants. | Civil Action No. <br><br>Honorable <br><br>Magistrate <br><br>**Demand for Jury Trial** |

Richard S. Busch
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com

Howard Hertz (P26653)
HERTZ & SCHRAM PC
1760 South Telegraph Road, #300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com

_____/

## COMPLAINT

Plaintiffs, EIGHT MILE STYLE, LLC and MARTIN AFFILIATED, LLC (hereinafter referred to collectively as "Plaintiffs") by and through their attorneys, for their Complaint against the Defendants, WIEDEN + KENNEDY, INC. and FACEBOOK, INC. ("Defendants") allege as follows:

{H0021486.1}

## PARTIES

1. Eight Mile Style, LLC ("Eight Mile") is a Michigan limited liability company.

2. Martin Affiliated, LLC ("Martin") is a Michigan limited liability company.

3. Defendant Wieden + Kennedy, Inc. ("W+K") is an Oregon corporation with its principal place of business at 224 NW 13th Avenue, Portland, Oregon 97209.

4. Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business at 1 Hacker Way, Menlo Park, California 94025.

## JURISDICTION AND VENUE

5. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq* (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. This Court has personal jurisdiction over each of the Defendants on the grounds that: (a) the infringing advertisement, created, distributed, marketed, transmitted, and performed by the Defendants has been broadcasted worldwide, including broadcasts on the internet in the State of Michigan; (b) Defendants regularly solicit and transact business in Michigan by continuously and systematically targeting consumers, viewers, and users worldwide, including those located in the State of Michigan. Pursuant to www.internetworldstats.com, Michigan Facebook users reached nearly 4 million in 2010; (c) Defendants have committed tortious acts within the State of Michigan which caused foreseeable injuries to Plaintiffs, organized under the laws of Michigan and located in Michigan; and (d) Facebook maintains a registered agent for service of process within the State of Michigan.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiffs' copyright infringement claim, including but not limited to, the

broadcasting, distribution, and performance of the infringing advertisement, occurred in this District.

## GENERAL ALLEGATIONS

8. Eight Mile and Martin are the owners of, or have ownership interests in, the copyright in the musical composition, "Under the Influence", written and composed, in part, by Marshall B. Mathers, III, professionally known as "Eminem," together with the members of the group professionally known as "D12," (the "Eminem/D12 Composition").

9. "Under the Influence" appeared on Eminem's third studio album, *Marshall Mathers LP* and was recorded by Eminem and D12. *Marshall Mathers LP* is Eminem's most commercially successful album, selling over 22 million copies to date.

10. W+K has been retained by Facebook to provide services as an advertising agency.

11. Facebook is a global online social networking service with over one billion active users that utilize the service to stay connected with friends and family. Facebook regularly and continuously does business in the State of Michigan. In 2010, it was reported Facebook has nearly 4 million users in the State of Michigan.

12. At all times mentioned herein, W+K was authorized and empowered to act, and did so act, as an agent of Facebook, and all of the things herein alleged to have been done by W+K were done in the capacity of such agency.

13. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiffs for the damages they have incurred. Defendants' involvement with the creation, release, distribution, and performance of the infringing advertisement discussed herein, constitutes, among other things, the improper

preparation of derivative works and direct, vicarious, and contributory infringement such that Defendants are jointly and severally liable for all amounts owed.

14. This action for copyright infringement is brought against Defendants W+K and Facebook arising from Defendants' willful and knowing infringement of Plaintiffs' copyright in the Eminem/D12 Composition.

15. On April 4, 2013, Facebook hosted a highly publicized event where it unveiled its new application known as "Facebook Home." During the event, Facebook CEO, Mark Zuckerberg, introduced an advertisement for the feature called "Airplane," which was key to Facebook's campaign. The advertisement was distributed and streamed all over the world.

16. The music contained in the Airplane advertisement for Facebook Home infringes the worldwide copyright in the Eminem/D12 Composition as the music is substantially similar to the Eminem/D12 Composition and any ordinary observer would absolutely recognize the music as being a copy of the Eminem/D12 Composition.

17. Eight Mile and Martin have not granted to W+K or Facebook the right to use or otherwise exploit the Eminem/D12 Composition for any purpose.

18. Upon information and belief, Facebook CEO, Mark Zuckerberg ("Zuckerberg") has been a longtime fan of Eminem. This is evidenced by one of the first websites Zuckerberg reportedly created in 1999, on which Zuckerberg refers to himself as "Slim Shady," which is Eminem's famously known alter-ego. Further, the Airplane advertisement evokes the same flippancy as the Eminem/D12 Composition.

19. Upon information and belief, W+K incorporated said music into the Airplane advertisement in an effort to curry favor with Facebook by catering to Zuckerberg's personal likes and interests, and/or to invoke the same irreverent theme as the Eminem/D12 Composition.

20. Upon information and belief, W+K and/or Facebook have willfully and knowingly induced, enabled and otherwise contributed to the unauthorized production, transmission, public performance, distribution, use and exploitation of the Eminem/D12 Composition in the highly publicized marketing campaign and advertisement for the Facebook Home application.

21. Neither W+K nor Facebook have provided any compensation to Eight Mile or Martin for their use of the Eminem/D12 Composition for which Eight Mile and Martin own, or have ownership interests in, the copyright. Plaintiffs are extremely selective and deliberate in the licensing of Eminem compositions and, given his immense popularity, Plaintiffs command significant payment for licensing of Eminem compositions used in highly visible advertisement campaigns. The unauthorized use of the Eminem/D12 Composition in the Airplane advertisement deprived Plaintiffs that licensing income and deprived Plaintiffs the right to grant and/or deny permission to use the Eminem/D12 Composition in the first place.

22. Upon information and belief, several days after its live event, and realizing they were facing substantial liability, Facebook altered the Airplane advertisement and released the Airplane advertisement on its official YouTube channel. The advertisement is the same as the one played at the event. However, the music in the advertisement, while similar, had been altered. The alteration of the Airplane advertisement was an admission that Facebook knew it had infringed on the Eminem/D12 Composition.

23. W+K conceded in an April 29, 2013 letter to Eight Mile and Martin's counsel that the music had been "revised" for use in the on-air version of the Airplane advertisement released on Facebook's YouTube channel. W+K also conceded in its letter that there are "clearly some

similarities" between the music contained in the live advertisement and the revised music contained in the YouTube version.

24. A derivative work is a work based upon one or more preexisting works. A work consisting of editorial revisions, annotations, elaborations, or other modifications, which, as a whole, represent an original work of authorship, is a derivative work. 17 U.S.C. § 101.

25. W+K's "revision" of the music contained in the advertisement constitutes a derivative work of the Eminem/D12 Composition, in which Eight Mile and Martin also have ownership interests as owners of the original Eminem/D12 Composition's copyright. 17 U.S.C. § 106(2).

26. Eight Mile and Martin have not granted W+K or Facebook permission to alter the Eminem/D12 Composition.

27. Eight Mile and Martin demanded that W+K and Facebook cease and desist their unauthorized reproduction, public performance, transmission and distribution of the Eminem/D12 Composition and any derivative thereof. However, W+K and Facebook continue to unlawfully reproduce, publicly perform, transmit and distribute the Eminem/D12 Composition and the unauthorized derivative work referred to herein.

28. The April 29, 2013 reply from counsel was brimming with bellicose language and replete with gross factual inaccuracies. First, counsel falsely and wrongfully alleged that Andre Young, professionally known as Dr. Dre, composed "Under the Influence." Yet, a simple Internet search of the Eminem/D12 Composition would have revealed that "Under the Influence" was composed by Marshall Mathers, III, and members of D12, including Denaun Porter, Von Carlisle, Ondre Moore, R. Arthur Johnson, and DeShaun Holton. Dr. Dre likewise did not produce "Under the Influence." The producers credited with production of the song are Eminem

and the Bass Brothers. Next, after wrongfully disparaging Dr. Dre with inflammatory accusations about his practices as a producer and his alleged "long, well-documented history of copyright infringement," (which is misguided, gratuitous and irrelevant since Dr. Dre was not involved in the creation of the Eminem/D12 Composition), the letter continues with bizarre allegations that Dr. Dre has actually stolen from Michael Jackson because "Under The Influence" is supposedly a rip-off of one of Michael Jackson's songs. Not one person, however, who heard the Facebook advertisement, and commented about it on the blogosphere, noted any similarity between the Facebook advertisement and any Michael Jackson song. To the contrary, it is clear that the Airplane advertisement copied directly the Eminem/D12 Composition, and ordinary observers have so concluded.

29. W+K's self-serving narrative and misplaced accusations regarding Dr. Dre's history of alleged copyright infringement is neither relevant to the Eminem/D12 Composition at issue in this case, nor protects W+K and Facebook from copyright infringement liability.

30. W+K's and/or Facebook's willful encouraging, inducing, facilitating and enabling of the unauthorized use and exploitation of the Eminem/D12 Composition and any derivative thereof constitutes copyright infringement pursuant to 17 U.S.C. § 501.

31. W+K and Facebook's unlawful use of Eight Mile's and Martin's copyrighted materials have infringed Eight Mile's and Martin's copyright, by public performance, distribution, transmission, and copying of the Eminem/D12 Composition, entitling Eight Mile and Martin to actual or statutory damages under the Copyright Act, including any and all profits attributable thereto.

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Plaintiffs repeat and re-allege each of the foregoing paragraphs, as though fully set forth herein.

33. Defendants' unauthorized reproduction, distribution, public performance, transmission, and exploitation of the Eminem/D12 Composition infringes Eight Mile's and Martin's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

34. Defendants' conduct has at all times been knowing and willful.

35. Defendants' infringements of Plaintiffs' rights each constitute a separate and distinct act of infringement, separately actionable under the Copyright Act, 17 U.S.C. § 106.

36. As a proximate cause of Defendants' wrongful conduct, Plaintiffs have been irreparably harmed.

37. Pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to the maximum statutory damages. Alternatively, at Plaintiffs' election and pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Defendants' profits attributable to the infringement, as will be proven at trial.

38. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

39. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiff's copyrighted work and exclusive rights under the Copyright Act.

## TRIAL BY JURY

40. Plaintiffs hereby request trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. A declaration that Defendants have willfully infringed Plaintiffs' copyrighted work in violation of the Copyright Act;

2. A permanent injunction requiring Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or anyone of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of Plaintiffs' rights protected by the Copyright Act;

3. For statutory damages pursuant to 17 U.S.C. § 504(c), or in such other amounts as may be determined at trial, or, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendants' profits attributable to the infringement, as will be proven at trial;

4. Awarding Plaintiffs their attorneys' fees and full costs, pursuant to 17 U.S.C. § 505;

5. For pre-judgment interest according to law, as applicable;

6. Awarding Plaintiffs trial by jury on all issues triable by a jury; and

7. Such other and further relief as the Court deems just and proper.

Date: May 20, 2013                    Respectfully submitted,

/s/ Richard S. Busch
Richard S. Busch
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com

/s/ Howard Hertz
Howard Hertz (P26653)
HERTZ & SCHRAM PC
1760 South Telegraph Road, #300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com

*Attorneys for Plaintiffs*