IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC, a Michigan limited liability company; and MARTIN AFFILIATED, LLC, a Michigan limited liability company,<br><br>     Plaintiffs,<br><br>  v.<br><br>WIEDEN + KENNEDY, INC., an Oregon corporation; and FACEBOOK, INC., a Delaware corporation,<br><br>     Defendants. | Civil Action No. 2:13-cv-12268-GAD-MAR<br><br>Hon. Gershwin A. Drain |

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties met and conferred and jointly submit this Rule 26(f) Report and Discovery Plan.

A conference in this matter is scheduled for August 5, 2013 at 11:00 a.m. before the Honorable Gershwin A. Drain in Room 110, Theodore Levin U.S. Courthouse, Detroit, Michigan.

**I. JURISDICTION**

This is a suit for alleged copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq* (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

**II.     NATURE OF CASE**

Plaintiffs Eight Mile Style, LLC, and Martin Affiliated, LLC allege that they are the owners of, or have ownership interests in, the copyright in the musical composition "Under the Influence" (the "Composition").  Plaintiffs allege that the music contained in an advertisement called "Airplane," which Defendant Wieden + Kennedy, Inc. produced for Defendant Facebook, Inc., infringes their exclusive rights in the Composition in violation of the Copyright Act. Defendants deny Plaintiffs' allegations.

**III.    INITIAL DISCLOSURES**

The parties shall make the initial disclosures required under Fed. R. Civ. P. 26(a)(1) by August 19, 2013.

**IV.    DISCOVERY**

**A.     Subjects on Which Discovery May be Needed**

The parties agree that discovery will be needed on the following subjects: (1) whether the music contained in "Airplane" is substantially similar to protectable expression in the Composition; (2) whether Defendants willfully infringed Plaintiffs' exclusive rights under the Copyright Act; (3) whether and to what extent Plaintiffs are entitled to damages and other relief under the Copyright Act; and (4) whether Plaintiffs' claims are barred, in whole or in part, by the defenses set forth in Defendants' Answer.

**B.     Phases of Discovery**

The parties agree that discovery should be conducted in phases, with fact discovery completed first and expert discovery completed thereafter, pursuant to the proposed discovery schedule set forth below.

**C.     Discovery Plan**

The parties propose the following discovery plan:

1. <u>Witness Lists</u>: The parties shall disclose all fact and expert witnesses (other than rebuttal experts) by December 18, 2013, which witness lists may be supplemented only (a) with the agreement of the parties, or (b) with leave of court for good cause shown. Rebuttal experts shall be disclosed by March 19, 2014.

2. <u>Completion of Fact Discovery</u>: The parties shall complete fact discovery by February 4, 2014.

3. <u>Expert Disclosures Pursuant to Rule 26(a)(2)(B)</u>: Parties with the burden of proof on an issue shall serve their Expert Disclosures by March 5, 2014. Rebuttal Expert Reports shall be served by April 7, 2014.

4. <u>Completion of Expert Discovery</u>: The parties shall complete expert discovery by May 5, 2014.

5. <u>Electronic Discovery</u>: The parties anticipate that there will be electronic discovery in this case. The parties agree to work in good faith to resolve any issues that may arise as a result of such electronic discovery.

**V.    OTHER ORDERS**

   A.    **Need for a Protective Order**: The parties have agreed that, pursuant to Rule 26(c), a protective order for the protection of confidential, proprietary and trade secret information of the parties is appropriate in this case. The parties will prepare and submit a stipulated protective order and present it to the Court for entry.

   B.    **Dispositive Motions**: The parties propose that dispositive motions shall be filed by May 26, 2014.

C. **Final Pretrial Order**: The parties propose that the final pretrial order shall be filed sixty days after the Court decides all dispositive motions.

D. **Final Pretrial Conference**: The parties propose that the final pretrial conference should be scheduled, at the Court's convenience, fourteen days or more days following submission of the final pretrial order.

E. **Trial**: The parties will be ready for trial fourteen days following submission of the final pretrial order. The parties anticipate that the trial will last approximately seven days.

## VI. MEDIATION AND ADR

Defendants believe that early settlement discussions could be productive to resolving or at least narrowing the issues in dispute and would be willing to participate immediately in private mediation or any other form of alternative dispute resolution. Plaintiffs would be interested in mediation after some discovery has occurred, but believe it is premature to do so at the outset of the litigation.

Dated: July 29, 2013

/s/ Richard S. Busch_____
Richard S. Busch
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com
*Attorneys for Plaintiffs*

/s/ Guy R. Cohen_____
Guy R. Cohen
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
(212) 468-4800
gcohen@dglaw.com
*Attorneys for Defendants*

/s/ Howard Hertz_____
Howard Hertz (P26653)
HERTZ & SCHRAM PC
1760 South Telegraph Road, #300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
*Attorneys for Plaintiffs*

/s/ Alan N. Harris_____
Alan N. Harris (P56324)
James J. Carty (P74978)
201 South Division Street, Suite 400
Ann Arbor, MI 48104
(734) 761-3780
aharris@bodmanlaw.com
jcarty@bodmanlaw.com
*Attorneys for Defendants*

4

5

5