# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| EIGHT MILE STYLE, LLC, a Michigan limited liability company; and MARTIN AFFILIATED, LLC, a Michigan limited liability company, | Civil Action No. 2:13-cv-12268-GAD-MAR |
| Plaintiffs, | Hon. Gershwin A. Drain |
| v. |  |
| WIEDEN + KENNEDY, INC., an Oregon corporation; and FACEBOOK, INC., a Delaware corporation, |  |
| Defendants. |  |

## STIPULATED PROTECTIVE ORDER

In accordance with the agreement of the parties and pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Stipulated Protective Order ("Protective Order" or "Order") to govern discovery in this case between Plaintiffs Eight Mile Style, LLC, ("Eight Mile") and Martin Affiliated, LLC, ("Martin") (collectively, "Plaintiffs") and Defendants Wieden + Kennedy, Inc. ("W+K") and Facebook, Inc. ("Facebook") (collectively, "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties." It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1.    <u>Covered Parties.</u>  This Protective Order is applicable to the Parties, any additional parties joined in this action, and any third parties required to respond to discovery in this matter, for the sole purpose of facilitating discovery in the above-styled and numbered cause.  It is ordered that this Protective Order will not be used, in any manner or form, as direct or indirect evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, except a hearing that involves issues related to the enforcement of any provision of this Protective Order.

2.    <u>Use of Information.</u>  All information produced or exchanged under the protections of this Protective Order shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

3.    <u>Designation of Information.</u>  A Party may designate any documents, testimony and other information furnished or disclosed to any other Party or its counsel during discovery or trial as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in the manner set forth in this Protective Order.  In designating information as "Confidential" or "Highly Confidential — Attorneys' Eyes Only," a Party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material that is available to the public shall not

2

be classified; however, unconfirmed rumors do not constitute information available to the public if such rumors can only be confirmed by reference to confidential information.

4.     "Confidential" Designation.  A Party may designate as "Confidential" any document or any portion of a document and any other thing, material, testimony, or other information that it reasonably and in good faith believes contains or reflects proprietary or confidential information that it desires not to be made public.

5.     "Highly Confidential — Attorneys' Eyes Only" Designation.  A Party may designate as "Highly Confidential — Attorneys' Eyes Only" any document or portion of a document and any other thing, material, testimony, or other information that it reasonably and in good faith believes is of such a personally, commercially or competitively sensitive nature that disclosure to persons other than those specified herein could reasonably be expected to result in injury to that Party.  "Highly Confidential — Attorneys' Eyes Only" information shall include without limitation information that is not known or available to the public and that constitutes, contains, or reflects trade secrets; proprietary business information, methods or processes; financial data, reports or analysis; pricing or cost information; sales and marketing information, analysis, or planning; customer or candidate information; and other

3

confidential information that is competitively sensitive.  The Parties expressly recognize that designation of material as "Highly Confidential — Attorneys' Eyes Only" is solely for the purpose of facilitating discovery and that the receiving Party's failure to object to such designation shall in no way constitute an admission by the receiving Party that such material constitutes trade secret information under applicable law and shall in no way operate as a waiver of the receiving Party's right to challenge the assertion of such status at a later time.

6.    Time Period for Protection.   Except as otherwise provided below, any information, document, data, thing, deposition testimony, or discovery response produced, given, or served pursuant to discovery requests in this litigation and designated by the producing Party as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" (collectively, the "Material"), or any information contained in or derived from any of the foregoing Material, shall be subject to the provisions of this Protective Order until further order of the Court or, absent further order of the Court, shall be treated pursuant to Paragraph 23 below.

7.    Document Production and Exhibits.   Material shall be designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by including a legend/marking of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page thereof as to which confidentiality

4

is claimed.  All copies of Material stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall also be designated respectively as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."  With respect to any Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that is not produced in paper form (such as data storage devices, diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Material with a cover labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and shall inform all counsel in writing of the "Confidential" or "Highly Confidential — Attorneys' Eyes Only" designation of such Material at the time such Material is produced.

8.   <u>Filing Confidential Material with the Court.</u>  All motions, briefs, discovery requests and responses, exhibits, deposition transcripts, and other documents or papers which produce, summarize or otherwise contain any material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material by a party, if filed with the court, shall be filed via ECF in accordance with the Eastern District of Michigan's procedures for filing documents under seal.  When a document is filed under seal, a Notice of Electronic Filing

(NEF) will be sent to all parties; however, the document will not be viewable via the hyperlink contained in the NEF.  The filing party must send a PDF copy to the undersigned lawyers for the other case participants via electronic mail by 8pm eastern time on the date of filing the document under seal.  If the documents contain exhibits that are too voluminous to send via email, the documents shall either be sent via overnight courier or provided to the non-filing party electronically via a secure extranet website.

Such material shall be kept sealed by the clerk of the court with access only to the court and its employees and counsel for the parties.  Confidential or Highly Confidential — Attorneys' Eyes Only portions of papers filed in court may be separately filed in a sealed envelope, with the rest of the papers unsealed.  If the above-referenced documents are filed with the court in hard copy, they must be filed in a sealed envelope which shall be labeled with the caption of this action, a description of the contents of the envelope, and the following (or an equivalent) statement:

> RESTRICTED - THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION, AND IS NOT TO BE OPENED NOR THE CONTENTS, DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

9.    <u>Depositions.</u>  Any Party may designate a deposition or portion thereof as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Material by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Highly Confidential — Attorneys' Eyes Only" within fourteen (14) days of receiving the final transcript and so informing all other Parties of such designation.  Until the expiration of the fourteen (14) day period, the entirety of the deposition shall be treated as though it was marked "Highly Confidential — Attorneys' Eyes Only."  Additionally, a Party may orally designate testimony as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Material during the course of a deposition, in which case the court reporter shall transcribe the pages so designated in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  Any portion of a deposition so designated, or separately bound volume, shall not be filed with the Court, except in accordance with Paragraph 8 of this Stipulated Protective Order. Notwithstanding the above, absent agreement of the Parties to the contrary, persons attending depositions must leave the room before any discussion of any "Confidential" and/or "Highly Confidential — Attorneys' Eyes Only" Material that the person is not entitled to review under the provisions of this Protective Order.

7

10.   <u>Restrictions on Use of Confidential Material</u>.   Except as agreed by the designating Party or its counsel or as otherwise provided herein, information designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only"

   a.  shall be maintained in confidence by counsel to whom it is furnished;

   b.  may be disclosed by such Attorneys only to authorized persons entitled to access thereto under Paragraphs 11 and 12 below;

   c.  may be used by such Attorneys and the authorized person(s) to whom it is disclosed only for the purposes of this litigation and for no other purpose; and

   d.  may be copied only as reasonably necessary for this litigation, with each such copy subject to the same protection as the original item.

11.   <u>Authorized Users of Confidential Material</u>.   Except as agreed by the designating Party or its counsel or as otherwise provided herein, no "Confidential" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following:

   a.  Outside counsel for the Parties in this action and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of litigation;

   b.  Litigation support personnel retained by Outside Counsel to assist in the preparation and/or litigation of this action who agree to be bound by the

terms of this Stipulated Protective Order, including jury consultants and mock jurors, contract attorneys or outside copying service vendors or electronic document management vendors;

c.   Any employees of a Party actively engaged in assisting with this litigation to the extent reasonably necessary to enable the attorneys for that Party to render professional services in the litigation, who are first informed of and agree to be bound by the terms of this Stipulated Protective Order;

d.   Persons not employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this action for trial as either consulting or testifying experts ("Outside Experts"), and the employees of such persons whose duties and responsibilities require access to such materials, after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit "A" and provided that the procedure set forth in Paragraph 13 is followed;

e.   Any person who is shown on the face of the "Confidential" Material to have authored or received it;

f.   The Court and its official personnel (including but not limited to court reporters and deposition stenographers and videographers) and the trier of fact, pursuant to the terms of this Protective Order;

g.  Any other person who is subsequently designated either by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the Court upon motion by a Party, after notice to all the Parties, after such person has signed and delivered to counsel a statement in the form annexed hereto as "Exhibit A;" and

h.  To the extent witnesses are examined in connection with "Confidential Materials, and are not covered by subparts "a", "b", "c", "d", "e", or "g" above, they and their counsel shall be informed by the examining attorney of the applicable provisions of this Order and shall first sign and deliver a statement in the form annexed hereto as "Exhibit A."  Such witnesses shall not be permitted to retain the "Confidential" Material, or any copy thereof following the examination.

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make best efforts necessary to protect the confidentiality of the Material.  Nothing in this Protective Order is intended to prevent a Party or its employees from reviewing or being examined upon the Party's own "Confidential" Material.

10

12.   <u>Authorized Users of "Highly Confidential — Attorneys' Eyes Only"</u> <u>Material</u>.  Except as agreed by the designating Party or its counsel, or as otherwise provided herein, no "Highly Confidential — Attorneys' Eyes Only" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following:

a.   Outside Counsel for the Parties in this action and the regular employees of such attorneys to whom it is necessary that the Material be shown for purposes of litigation;

b.   Litigation support personnel retained by Attorneys to assist in the preparation and/or litigation of this action who agree to be bound by the terms of this Stipulated Protective Order, including jury consultants and mock jurors, contract attorneys or outside copying service vendors or electronic document management vendors;

c.   Outside Experts and the employees of such persons whose duties and responsibilities require access to such materials, after any such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as "Exhibit A" and provided that the procedure set forth in Paragraph 13 is followed;

d.   Any person who is shown on the face of the "Highly Confidential — Attorneys' Eyes Only" Material to have authored or received it;

e. In-house counsel for Facebook to whom it is necessary that the Material be shown for purposes of litigation;

f. The Court and its official personnel (including but not limited to court reporters and deposition stenographers and videographers) and the trier of fact, pursuant to the terms of this Order; and

g. Any other person who subsequently is designated either by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the Court upon motion by a Party, after notice to all the Parties, after such person has signed and delivered to counsel a statement in the form annexed hereto as "Exhibit A."

No person allowed to view "Highly Confidential — Attorneys' Eyes Only" Material shall use any "Highly Confidential — Attorneys' Eyes Only" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make best efforts necessary to protect the confidentiality of the Material. Nothing in this Protective Order is intended to prevent a Party or its employees from reviewing or being examined upon the Party's own "Highly Confidential — Attorneys' Eyes Only" Material.

13. <u>Notification of Expert Disclosure</u>. At least fourteen (14) days before the first disclosure of "Confidential" or "Highly Confidential — Attorneys' Eyes

Only" Material to an Outside Expert pursuant to Paragraphs 11(d) and 12(c) of this order, the Party proposing to make the disclosure must serve the producing party with a written identification of the Outside Expert, a copy of the executed form annexed hereto as Exhibit A, and his or her curriculum vitae. If the producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the Outside Expert), it must serve the Party proposing to make the disclosure with a written objection within seven (7) days after service of the identification. Unless the parties resolve the dispute within seven (7) days after service of the objection, the producing party must move the Court promptly for a ruling on the issue. Once such a motion has been filed, the "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Material may not be disclosed to the Outside Expert without the Court's approval.

14. <u>Challenging Designation</u>. If any Party believes that any Material that has been designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" is not properly subject to the confidentiality provisions of this Protective Order, that Party may so notify the producing Party or non-Party in writing and identify the specific Material that the objecting Party believes should be freed from the constraints of this Order, and serve copies of such notice to lead counsel for all other Parties herein. If the Party or non-Party

13

that produced such designated Material does not agree to de-designate the Material in response to the objection, and the challenge cannot be resolved through a meet and confer process to be conducted within five (5) business days from receipt of notice of the challenge, the dispute shall be resolved by motion to be brought by the Party seeking to de-designate the Material. The designated Material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties or the Party and non-Party. In addition to service on the opposing Party, a copy of any such motion shall be served on any non-Party who is the producing entity with respect to the materials at issue and such non-Party producing entity shall have standing to oppose such motion before the Court.

15.   <u>Use of Confidential Material at Trial or Hearing ("Trial")</u>.   If this matter proceeds to Trial, the Parties are to meet and confer regarding whether any exhibits intended to be offered into evidence are designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" and, if so, to confer regarding how such documents should be treated for Trial. If the Parties cannot reach agreement, then they shall approach the Court regarding the appropriate treatment of such documents including, but not limited to, continued treatment of the documents as "Confidential" or "Highly

Confidential — Attorneys' Eyes Only" and exclusion of witnesses and other persons from the courtroom during the presentation of such evidence.

16.   <u>No Waiver</u>.  This Protective Order shall not be deemed a waiver of:

   a.   Any Party's right to object to any discovery requests on any ground;

   b.   Any Party's right to seek an order compelling discovery with respect to any discovery request;

   c.   Any Party's right in any proceeding herein to object to the admission of any evidence on any ground;

   d.   Any Party's right to use its own documents and its own "Confidential" or "Highly Confidential — Attorneys' Eyes Only" material outside of this litigation or to withdraw such designation in its sole and complete discretion;

   e.   Any Party's right to object to the admissibility of any document or other tangible thing produced pursuant to a request for production on grounds of relevancy, materiality, privilege, or other valid ground of objection.

   f.   The status of any material as a trade secret.

17.   <u>Inadvertent Disclosure.</u>

   a.   The inadvertent or unintentional production or other disclosure of documents containing confidential, secret, attorney-client privileged or attorney work product information without being designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" at the time

of the production or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, secrecy or privilege, either as to the specific information or as to any other information relating thereto or on the same or related subject matter.  Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error.

b. If a Party produces material without intending to waive a claim of privilege, it shall, within five (5) business days of discovering such inadvertent disclosure, notify the opposing Party of its claim of privilege. After being notified, the opposing Party shall promptly return or destroy the specified material and any copies thereof pursuant to the terms of this provision, promptly providing confirmation of such destruction to the notifying Party.  If a Party receives information from an opposing Party that it believes to be privileged, it shall, within five (5) business days of discovering such inadvertent disclosure, notify the opposing Party of its inadvertent production.   If the opposing Party then confirms that the information is privileged, the notifying Party shall promptly return or destroy the specified material and any copies thereof, promptly providing confirmation of such destruction.

16

c. Nothing herein shall prevent the receiving Party from contending that any such material is not privileged, was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof. If the receiving Party wishes to contest that any such material was inadvertently produced or is protected by the attorney-client privilege or by work product immunity, the receiving Party shall so notify the producing Party in writing when the material is destroyed or returned pursuant to 17(b) or this Order. The producing Party must preserve the contested material until the dispute is resolved. The receiving Party may file a motion to compel arguing that the contested material is not privileged or not inadvertently produced, but may not argue that privilege was waived due to inadvertent production. Until and unless such motion to compel is granted by the Court, the receiving Party shall neither use nor refer to any information contained within the contested materials, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

18. <u>Responsibility of Counsel</u>. Counsel for the Parties to whom "Confidential" or "Highly Confidential — Attorneys' Eyes Only" material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing

17

execution of and retaining the statement attached hereto as "Exhibit A" as and when required under the provisions of this Protective Order.

19. <u>Unauthorized Disclosure of Protected Material</u>.  If a Party learns that, by inadvertence or otherwise, it has disclosed "Confidential" or "Highly Confidential — Attorneys' Eyes Only" material designated by the opposing Party to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the opposing Party of the unauthorized disclosure, including identification of each item of material so disclosed, (b) use its best efforts to retrieve all copies of the material so disclosed, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) execute the statement attached hereto as "Exhibit A."

20. <u>Modification of Order</u>.  This Order may be modified or amended by order of the Court upon good cause shown following advance notice of at least five (5) business days to the opposing Party prior to the filing of any motion seeking such modification or amendment.

21. <u>Third Party Material</u>.  The protections afforded by this Protective Order shall extend to material produced by third parties in this action, whether by subpoena or otherwise.  To the extent that the Parties produce documents received from third parties that have been designated by third

18

parties as "Confidential" or "Highly Confidential — Attorneys' Eyes Only," such documents shall be treated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in accordance with the terms of this Order and any deposition testimony concerning the contents of such documents shall likewise be treated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in accordance with the terms of this Order.

22.   <u>Material Subpoenaed or Ordered Produced in Other Litigation Protected</u>.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" that Party must:

a.  promptly notify in writing the designating Party and provide a copy of the subpoena or court order;

b.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, and provide a copy of this Protective Order; and

c.  cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose "Confidential" or "Highly Confidential — Attorneys' Eyes Only" material may be affected.

If the designating Party timely seeks a protective order, the Party served with the subpoena shall not produce any information designated in this action as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

23.   <u>Conclusion of Suit</u>.  The provisions of this Protective Order shall continue in effect with respect to any "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Material until expressly released by the Party furnishing such Material, and such effectiveness shall survive the final determination of this action.  For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under governing law for the filing of or application for all appeals, rehearing's, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

Except for materials covered by this Protective Order that are on file or otherwise in possession of the Court, within thirty (30) days after the final determination of this action as defined above, unless otherwise agreed to in writing by counsel for the producing Party, material designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" and all copies of same shall be returned to the Party or non-Party that designated such documents or shall be destroyed from all reasonably accessible locations. One attorney for each law firm of record shall make written certification of compliance herewith, and shall deliver the same to counsel for the Party or non-Party who produced the documents not more than forty-five (45) days after final determination of this action. Notwithstanding this provision, counsel are entitled to retain archival copies of all pleadings, discovery, motion papers, transcripts, exhibits, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain material protected by this Order. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

SO ORDERED.

/s/Gershwin A Drain
Honorable Gershwin A. Drain
United States District Court Judge

21

Dated:  <u>November 14, 2013</u>

Stipulated and agreed:


<u>/s/ Richard S. Bush</u>
Richard S. Busch
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456
rbusch@kingballow.com
*Attorneys for Plaintiffs*


<u>/s/ Howard Hertz</u>
Howard Hertz (P26653)
HERTZ & SCHRAM PC
1760 South Telegraph Road, #300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
*Attorneys for Plaintiffs*

<u>/s/ Guy R. Cohen</u>
Guy R. Cohen
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
(212) 468-4800
gcohen@dglaw.com
*Attorneys for Defendants*


<u>/s/ Alan N. Harris</u>
Alan N. Harris (P56324)
James J. Carty (P74978)
201 South Division Street, Suite 400
Ann Arbor, MI 48104
(734) 761-3780
aharris@bodmanlaw.com
jcarty@bodmanlaw.com
*Attorneys for Defendants*

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EIGHT MILE STYLE, LLC, a Michigan limited liability company; and MARTIN AFFILIATED, LLC, a Michigan limited liability company, | Civil Action No. 2:13-cv-12268-GAD-MAR |
| Plaintiffs, | Hon. Gershwin A. Drain |
| v. | |
| WIEDEN + KENNEDY, INC., an Oregon corporation; and FACEBOOK, INC., a Delaware corporation, | |
| Defendants. | |

## <u>UNDERTAKINIG OF *[Insert Name]*,</u>

1.    I am familiar with and agree to be bound by the terms of the Stipulated Protective Order in the litigation styled: *Eight Mile Style and Martin Affiliated, LLC, v. Wieden + Kennedy, Inc. and Facebook, Inc.,* Case No. 2:13-cv-12268-GAD-MAR, in the United States District Court for the Eastern District of Michigan.  I understand and acknowledge that failure to comply with all the terms of the Stipulated Protective Order could expose me to sanctions and punishment in the nature of contempt.

2.    I will only make such copies of or notes concerning documents designated "Confidential" or "Highly Confidential — Attorneys' Eyes Only" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction

23

upon completion of this litigation. Upon the final determination of this action, I shall promptly destroy all "Confidential" or "Highly Confidential — Attorneys' Eyes Only" materials provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Material to any unauthorized person.

4. I will not intentionally use "Confidential" or "Highly Confidential — Attorneys' Eyes Only" Material for any purpose other than the prosecution or defense of claims in this action.

5. I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcing the Stipulated Protective Order.

DATED this ____day of _____ , 2013.

By: _____

Name: _____

     (print name)

Address:

24